# Exhibit A

| | |
|---|---|
| CIVIL COURT OF THE CITY OF NEW YORK<br>COUNTY OF QUEENS | 007131/2019 |

| | |
|---|---|
| WHITNEY REYES,<br>　　　　　　　　Plaintiff,<br>　　-against-<br>MONTEREY FINANCIAL SERVICES LLC,<br>　　　　　　　　Defendants,<br>-----------------------------------------------------------X | Index No. ~~[illegible]~~<br>S U M M O N S<br>Plaintiff's Residence Address<br>153-38 81ST Street<br>Howard Beach, NY  11414 |
| Defendant's address:<br>4095 Avenida de la Plata<br>Oceanside, CA  92056 | The basis of this venue is<br>Plaintiff's address |

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Queens, at the office of the Clerk of said Court, At 89-17 Sutphin Blvd., Jamaica, New York 11435, within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of $25,000.00 with interest from June 22, 2018 together with the costs of this action.

*[Stamp: COPY ORIGINAL PAPER RECEIVED AND F... ON FEB 25 2019 CIVIL COURT QUEENS COUNTY]*

Dated: February 20, 2019

*[signature]*

Edward B. Geller, Esq., P.C.

Attorney for Plaintiff

15 Landing Way

Bronx, New York 10464

Tel:(914)473-6783

Note the law provides that:

a) If this summons is served by its delivery to you personally within the City of New York, State of New York, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, State of New York, or by publication, or by any means other than personal delivery to you within the City of New York, State of New York, you are allowed THIRTY DAYS after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

WHITNEY REYES,                              Civil Action No.:

                Plaintiff,

    -against-                              **CLASS ACTION COMPLAINT**

                Plaintiff,

MONTEREY FINANCIAL SERVICES LLC,

                Defendant(s).
------------------------------------------------------------------X

Plaintiff, WHITNEY REYES ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for her Complaint against the Defendant(s), MONTEREY FINANCIAL SERVICES LLC (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff WHITNEY REYES is a resident of the State of NEW YORK, residing at 153-38 81st STREET, 2nd FLOOR, HOWARD BEACH, NY 11414.

3. Defendant MONTEREY FINANCIAL SERVICES LLC is a CALIFORNIA

company engaged in the business of debt collecting with an address at 4095 AVENIDA DE LA PLATA OCEANSIDE, CA 92056.

4. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## ALLEGATIONS FOR CLASS ACTION

6. Plaintiff brings this action as a class action, pursuant to C.P.L.R. 901 on behalf of herself and all persons/consumers in the State of New York, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class are Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

7. This Class satisfies all the requirements of C.P.L.R 901 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9. The debt collection notices and/or letters/communications from Defendant,

received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

10. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

11. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

13. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

14. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

15. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

17. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

18. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

21. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by reporting to the national credit bureau.

22. The Plaintiff received a letter dated June 22, 2018 from the Defendant

regarding an account she disputed. The letter stated "This letter is in response to the dispute received and pursuant to the debt validation requirements set forth in the Fair Debt Collection Practices Act. Please note that per the FDCPA, you had 30 days from the date you were notified by Monterey Collections that your account had been placed with Monterey Collections, to request to dispute this debt. As a courtesy, the requested proof of debt will be forwarded to you. While we have marked the account as disputed, this defaulted contract balance for Monterey Receivables Funding UNITED MEDICAL CRDT remains due. Call our office today to set up the necessary arrangements to satisfy your obligation to the contract."

23. The Plaintiff had a few questions regarding the account, and she called the Defendant and was connected with a female representative named "Crystal".

24. The representative asked for the Plaintiff's social security number to access the account and verified her address.

25. The Plaintiff gave the representative her current address to update the account.

26. Once updated the representative informed the Plaintiff the account was from a defaulted contract with United Medical that was assigned to their office with a balance of $6,386.15. The representative stated the balance is due immediately to stop it from reporting negatively on the Plaintiff's credit.

27. The Plaintiff asked what about her credit?

28. The representative said they can stop it from negatively impacting your credit, that right now its reporting every month as an open active collection account but once the account is paid we will report it as a paid closed collection account.

29. The Plaintiff asked how much in interest and fees were they charging.

30. The representative said there was $2,144.62 in interest and a 35% collection fee.

31. The Plaintiff asked again how much the interest was.

32. The representative broke it down for the Plaintiff and stated the interest rate was 29.9% and the amount of interest was $2,144.62. Then she stated the collection fee was 35% and the amount that was written off for collection was $3,001.14.

33. The Plaintiff asked if the account showed that it was previously disputed?

34. The representative stated that it was reporting as disputed.

35. The Plaintiff then asked when they would be removing the account from the credit report.

36. The representative stated that just because the Plaintiff disputed her account does not mean that it gets deleted off of anything and that it actually gets worse.

37. The Plaintiff was confused about the account and thought the derogatory information was going to be deleted.

38. The representative went on to further explain that the account referenced on the letter was with their finance department and when the Plaintiff was making monthly payments they reported them as such to the credit bureaus. However, once the payments were stopped the account was written off, charged off as a bad debt, and taken off the credit. Then since it is now in collections (with their own collection department) it was put back on the credit as a collection account.

39. The Plaintiff thanked the representative for the information and the call was then concluded.

40. Shortly thereafter the Plaintiff received another letter in the mail from the

Defendant. However on the the window envelope which the latest letter came in, along with the Plaintiff's name and address you can clearly see the statement "This has been sent to you by a collection".

41. Anyone other than the Plaintiff who has come across that letter in transition from the collection department to the Plaintiff can plainly see that the Plaintiff is being contacted abut a debt.

42. The Plaintiff received a third letter from the Defendant dated July 17, 2018 that stated " this letter is in response to the disputes received and pursuant to the debt validation requirements set forth in the Fair Debt Collections Practices Act. Please note that per FDCPA , you had 30 days from the date you were notified by Monterey that your account had been placed with Monterey Collections, to request to dispute this debt . As a curtesy our office will forward the necessary proof of debt to you again. This is the second time that this information has been sent to you. Any future disputes received will not be responded to by our office . It is your responsibility to contact our office at the toll-free number above to discuss a resolution. "

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "42" herein with the same force and effect as if the same were set forth at length herein.

44. 15 USC §1692 e – preface states that a debt collector may not use any false, deceptive or misleading representations in connection with the collection of a debt.

45. Defendant violated 15 USC §1692 e – preface and e (10) June 22, 2018 when

the Plaintiff called the Defendant and the representative deceptively gave the Plaintiff a different balance owed than that which is stated on the Plaintiffs credit report. Furthermore, it is confusing and deceptive to the Plaintiff to see the account listed with the Defendant several times, leading the Plaintiff to believe the account is reporting more than once when in fact it is the same account that has been transferred from one department to another.

46. Defendant further violated 15 USC §1692 e – preface and e (10) when the its agent stated "The Plaintiffs balance was due immediately to stop it from reporting negatively on her credit", and then further stated the account was reporting every month as an open active collection account but once the account is paid they will report it as a paid closed collection account." The statement that the Plaintiff has 30 days to dispute the debt is false deceptive and misleading . A consumer has 30 days to dispute the debt or it is considered valid and 30 days to request validation. FDCPA law does not limit the time a consumer can dispute.

47. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

48. The Defendant violated 15 USC §1692 f preface June 22, 2018 when the Plaintiff called the Defendant and the representative unfairly gave the Plaintiff a different balance owed than that which is stated on the Plaintiffs credit report. Furthermore, it is unfair to the Plaintiff to see the account listed with the Defendant several times, leading the Plaintiff to believe the account is reporting more than once when in fact it is the same account that has been transferred from one department to another.

49. The Defendant further violated 15 USC §1692 f preface when it unfairly stated that the Plaintiff had 30 days to dispute. A consumer has 30 days to dispute the debt or

it is considered valid and 30 days to request validation. FDCPA law does not limit the time a consumer can dispute.

50. 15 USC §1692 f (1) prohibits the collection of any amount (including interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

51. Defendants violated 15 USC §1692 f (1) – on June 22, 2018 when its representative gave the Plaintiff a breakdown of the balance and informed her that they were charging an interest rate of 29.9% and the amount accumulated was $2,144.62, as well as a collection fee of 35% with a total amount equaling $3,001.14.

52. Pursuant to 15 USC §1692c(b), without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

53. The Defendant violated 15 USC §1692c(b), by communicating to numerous persons other than the Plaintiff that the Plaintiff was being contacted by a debt collector about a debt, by exposing through the clear viewing window of the collection letter that the Plaintiff was being contacted by the defendant about collecting on a debt.

54. 15 USC §1692 b (5) prohibits the use of any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that a debt collector is in the debt collection business or that the communication

relates to the collection of a debt.

55. Defendant violated 15 USC §1692 b (5) by exposing through the clear viewing window of their mailing the words " This has been sent to you by a collection", which any person could easily decipher is a collection letter from a debt collection company attempting to collect on a debt.

56. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a) (1) in the amount of $25,000.00;

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
August 31, 2018

Respectfully submitted,

By: _____
Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone: (914)473-6783

*Attorney for the Plaintiff* WHITNEY REYES

## AFFIRMATION

Whitney Reyes, under the penalty of perjury, deposes and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_Whitney Reyes_

Whitney Reyes

_WHitney Reyes_ [Printed]

Plaintiff

Affirmed before me this 11th day of February 2019 ~~2018~~

_Anna L. Carrion_

Notary Public




Notary Public State of Florida
Anna L Carrion
My Commission GG 232649
Expires 06/26/2022